[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on August 30, 1986, at Stamford, Connecticut. They have resided continuously in this State since that time. There are three minor children, issue of the marriage: John James Lombardi, born April 16, 1987; Stephen Joseph Lombardi, born December 28, 1991; and James Michael Lombardi, born May 7, 1993.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately ten years. They have three minor children aged 9, 5 and 3 years of age. CT Page 1152
The plaintiff who is 33 years of age, has not worked outside the home during the marriage, having taken on the traditional role of home maker, except for some short term part time retail work. The parties agreed that the plaintiff would remain at home and care for the children while the defendant worked and completed his education.
The defendant who is 32 years of age has obtained his Associates Degree, his B.S. degree and his Masters Degree in Business, during the course of the marriage in addition to working full time to support his family. The defendant presently is employed as a Management Information Systems Director. His current annual base pay is $105,000 as of January 17, 1997. In addition, in 1994, 1995 and 1996 the defendant received a bonus of $25,000 in each year.
The defendant became involved with another woman and in February 1996, he left the marital home.
The plaintiff has returned to school and hopes to obtain an associate degree and the her B.S. degree, in six years. She is not otherwise employed.
The defendant filed a financial affidavit at the commencement of trial, with several glaring errors. During the course of the trial, he filed a more accurate affidavit.
The defendant claims he is paying all the expenses of the home he shares with his female companion. However, this woman filed a financial affidavit in her own divorce case, dated December 18, 1996 and further testified in a deposition, that she paid one-half of the expenses of the home. In Court, in this case, she now testifies that she does not and never did pay anything toward the household expenses for the home she shares with the defendant.
The credibility of the defendant as well as his female companion is strained, to say the least. Neither appear to understand the meaning of true and accurate affidavits and the meaning of an oath.
The marital home jointly owned by the parties has a negative equity. CT Page 1153
The defendant has a 401(K) plan and a pension at his place of employment.
At a pendente lite hearing, the defendant was ordered to advise the plaintiff through counsel when he received his bonus for 1996 and the amount thereof. The defendant failed to advise the plaintiff that he received a bonus of $25,000 for 1996. The defendant testified his net bonus was $16,000. He testified he used $8,000 for bills and the remainder is gone. A finding of contempt has been made and the plaintiff was awarded counsel fees of $750.
No reasonable explanation was made as to the disposition of the remaining $8,000.
No useful purpose would be served by a review of the evidence presented in this matter.
Unfortunately, the parties were unable to resolve their marital difficulties. It would appear that the defendants extra marital relationship which continues to this date, is the cause of the breakdown of the marital relationship.
The following orders shall enter:
Custody Visitation
1. There shall be joint custody of the minor children, with primary physical custody to the plaintiff.
2. The defendant shall have liberal, flexible and reasonable visitation with the minor children.
Child Support
1. The defendant shall pay to the plaintiff as child support for the three minor children, the sum of $456 per week, in accordance with the child support guidelines.
2. The defendant shall pay child support for each child until each child reaches the age of 19 years or completes high school whichever first occurs, becomes emancipated or dies.
3. By way of further child support, the defendant shall pay to the plaintiff 20% of any gross bonus he receives. Said sum CT Page 1154 shall be paid to the plaintiff within 30 days of the receipt of said bonus by the defendant.
Health Insurance
1. The defendant shall provide health insurance coverage for the benefit of the minor children as is available through his employment. All unreimbursed medical expenses shall be divided 75% to be paid by the defendant and 25% to be paid by the plaintiff so long as the plaintiff is not employed on a full time basis. When the plaintiff becomes employed full time the unreimbursed medical expenses shall be equally divided 50/50.
Real state
1. The plaintiff shall have exclusive possession of the marital home located at 11 Berkshire Drive, Ansonia, Connecticut, The plaintiff shall be responsible for the mortgage, taxes and insurance in connection with said property until such time as the property is sold.
2. Within four years of date, at the sole option and discretion of the plaintiff, the marital home shall be placed on the market for sale. The net proceeds, if any, shall be equally divided between the parties, 50% to the plaintiff and 50% to the defendant. The net proceeds shall be determined after the payment of the real estate commission, mortgage, usual closing costs and attorneys fees.
In the event of any deficiency, the parties shall be equally responsible for said deficiency, 50% to the plaintiff and 50% to the defendant.
3. Reasonable and necessary repairs to the property in excess of three hundred dollars ($300) shall be equally divided between the parties.
4. The court shall retain jurisdiction over any disputes in connection with the sale of the marital home.
Personal Property
1. The plaintiff shall be entitled to all of the household furniture and furnishings except for the following items which shall be turned over to the defendant: CT Page 1155
a) his tools and tool box;
b) his father's medals;
c) his music albums;
d) 1/2 of the photographs and movies.
2. The plaintiff shall retain the 1988 Ford motor vehicle.
3. The defendant shall retain the 1992 Audi motor vehicle.
Alimony
1. Commencing February 14, 1997, the defendant shall pay to the plaintiff the sum of $300 per week as periodic alimony. Said alimony shall be paid until the defendant's death, the plaintiff's death or remarriage or cohabitation as defined by statute, or eight years from date, whichever event shall first occur.
2. Term limited alimony is awarded to allow the plaintiff to complete her education and to establish herself in the career of her choice in the business world.
3. By way of additional alimony the defendant shall pay to the plaintiff 15% of any gross bonus the defendant receives. Said sum shall be paid to the plaintiff within 30 days of the receipt of same by the defendant.
Pension Plan 401(K)
1. The defendant shall assign a 50% interest of his 401(K) plan to the plaintiff by means of a Qualified Domestic Relations Order.
2. The defendant shall assign a 50% interest in his Pension plan to the plaintiff by means of a Qualified Domestic Relations Order.
Tax Exemption
1. The defendant shall be entitled to claim the three minor children as exemptions for Income tax purposes, so long as the CT Page 1156 plaintiff is unemployed and provided the defendant is current with the child support payment as of December 31st.
2. In any year in which the plaintiff is employed on a full time basis, or when the marital home is sold, the plaintiff shall be entitled to claim the middle child as an exemption for income tax purposes.
Garnishment
An immediate withholding is ordered to secure the award of child support and alimony.
Life Insurance
The defendant shall continue to maintain the Life Insurance policy as is available to him through his place of employment, in the amount of $300,000 (Three Hundred Thousand Dollars) naming the plaintiff and the minor children as beneficiaries therein for so long as he has an obligation for alimony and/or child support.
Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits and they shall indemnify and hold each other harmless from any liability thereon.
Property Settlement
The parties financial affidavits indicate there is a total of $25,000 in a Peoples Account. The plaintiff is awarded a lump sum amount of $18,000 by way of a property settlement.
Contempt
The defendant was previously found in contempt for failing to notify the plaintiff of his receipt of a bonus for 1996. The Court awarded the plaintiff counsel fees of $750 in connection with this contempt. It is further ordered that the defendant shall pay to the plaintiff the sum of $6400 to be paid within 30 days of date along with the award of counsel fees in the amount of $750.
Attorneys Fees
CT Page 1157
Each party shall be responsible for their respective attorney's fees
COBRA
The plaintiff shall be entitled to the COBRA benefits as are available through the defendants employment, at the plaintiff's expense.
COPPETO, J.